**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JIBREEL FRAZIER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-2887-JDW |
| | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, | : | |
| Defendant. | : | |

**MEMORANDUM**

Jibreel Frazier asserts claims against Experian Information Solutions under the Fair

Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") and seeks leave to proceed *in*

*forma pauperis*. The Court will grant Mr. Frazier leave to proceed *in forma pauperis* and

dismiss the Complaint without prejudice for failure to state a claim. The Court will give

Mr. Frazier an opportunity to cure the deficiencies identified by the Court by filing an

amended complaint.

## I.    FACTUAL ALLEGATIONS

Mr. Frazier submitted a form complaint and an additional document titled

"Complaint." The Court treats the documents together as the operative complaint and

draws the factual allegations from them. Mr. Frazier contends that Experian "furnished a

credit report" in his name and that he "disputed the validity of the information

furnished." (ECF No. 2 at 2/12.) He takes issue with several accounts that Experian

reported on his credit report. He claims that on June 21, 2022, he sent Experian a letter

disputing those accounts. As of July 21, when he filed suit, he had not received a

response from Experian. He asserts that Experian has negligently violated various

provisions of the FCRA and that he suffered injuries including lost wages and stress.

## II.      STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is

unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886

F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in*

*forma pauperis*, the Court must determine whether the complaint states a claim on

which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court

to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and

determine whether the complaint contains "sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotation omitted). Under that standard, the court must take all well-pleaded

allegations as true, interpret them in the light most favorable to the plaintiff, and draw

all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.

2016). Moreover, because Mr. Frazier is proceeding *pro se*, the Court must construe his

pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.     DISCUSSION

### A.     Leave To Proceed *In Forma Pauperis*

Mr. Frazier has completed the form provided on the Court's website for

applications to proceed *in forma pauperis* and has attested under penalty of perjury that

he cannot afford to pay the filing fees. Moreover, his application to proceed *in forma*

*pauperis* demonstrates that he lacks the income or assets to pay the required filing fees.

Therefore, the Court will grant him leave to proceed *in forma pauperis*.

### B.     Plausibility Of Claims In The Complaint

The FCRA was enacted "to ensure fair and accurate credit reporting, promote

efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am.*

*v. Burr*, 551 U.S. 47, 52 (2007). In the language of the FCRA, consumer reporting

agencies "collect consumer credit data from 'furnishers,' such as banks and other

lenders, and organize that material into individualized credit reports, which are used by

commercial entities to assess a particular consumer's creditworthiness." *Seamans v.*

*Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

15 U.S.C. § 1681e(b) requires consumer reporting agencies to "follow reasonable

procedures to assure maximum possible accuracy of the information concerning the

individual about whom the report relates." 15 U.S.C. § 1681i(a)(1)(A) requires a consumer

reporting agency to "conduct a reasonable reinvestigation to determine whether the

disputed information is inaccurate." "Generally speaking, a consumer reporting agency

does not violate the FCRA's requirement that it 'follow reasonable procedures to assure

maximum possible accuracy' of credit reports or to 'reinvestigate' consumer disputes of

information if the information that it reports is factually accurate." *Williams v. Experian*

*Info. Sols., Inc.*, No. 14-8115, 2016 WL 3466089, at *3 (D.N.J. June 21, 2016); *see also*

*Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019). The FCRA provides for civil

liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n, §

1681o.

Mr. Frazier's Complaint seems to present claims based on Experian's alleged

negligent noncompliance with 15 U.S.C. §§ 1681e and 1681i, although he mentions

various other provisions in the statute. But the allegations in the Complaint are sparse,

conclusory, and not plausible as pled. Although the Complaint lists several accounts that

Mr. Frazier says he "challenged," he has not alleged what inaccurate information he

believes was included in his credit report, nor has he alleged sufficient facts about how

he disputed the inaccurate information. Mr. Frazier also fails to allege what actions

Experian failed to take. That lack of detail renders the Complaint implausible. *See Iqbal*,

556 U.S. at 678.

## IV.   CONCLUSION

The Court will dismiss Mr. Frazier's Complaint without prejudice pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will give Mr. Frazier an

opportunity to amend his Compliant to include the required detail. An appropriate

Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

August 11, 2022